T.C. Memo. 2013-120

UNITED STATES TAX COURT

JUDITH T. MARZULLO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3620-11.                    Filed May 6, 2013.

Jeffrey Lee Cohen, for petitioner.

Brianna B. Taylor, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether petitioner, pursuant to
section 6015, is entitled to innocent spouse relief relating to 2003, 2004, 2005, and
2006 (years in issue).[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
(continued...)

[*2]                              FINDINGS OF FACT

In 1972, petitioner married John Marzullo and, in 1974, Mr. Marzullo incorporated Marto Drug & Supply, Inc. (Marto Drug), which he owned and operated. In addition, he served as chief executive officer (CEO) and a pharmacist. Petitioner was the chief financial officer (CFO) and was responsible for assisting customers, compiling sales journals, and writing checks from Marto Drug's business account. During their marriage, petitioner made bank deposits, wrote checks, and paid household expenses through a joint money market account (personal account) she held with Mr. Marzullo.

In 2002, Mr. Marzullo lost his pharmacist's license. Petitioner and Mr. Marzullo hired a new pharmacist, but the business began to suffer serious financial difficulties. In a desperate attempt to sustain the business, petitioner and Mr. Marzullo used withdrawals from their respective individual retirement accounts (IRAs) to pay business expenses. In 2002, 2003, 2004, and 2005 Mr. Marzullo withdrew $30,000, $100,000, $290,000, and $239,791, respectively, from his IRAs. In 2006, petitioner withdrew $73,182 from one of her IRAs. Petitioner and Mr. Marzullo did not file Federal income tax returns relating to the years in issue.

---

[1](...continued)
Court Rules of Practice and Procedure.

**[*3]** Respondent audited the tax years in issue and prepared substitutes for returns relating to 2002, 2003, and 2004. In 2008, petitioner and Mr. Marzullo untimely filed joint Federal income tax returns relating to 2002, 2003, 2004, 2005, 2006, and 2007. Petitioner and Mr. Marzullo failed to pay the full amounts of their Federal income tax liabilities reported on these returns.

On September 3, 2009, the Georgia Department of Revenue seized Marto Drug's assets to satisfy more than $700,000 of outstanding employment tax liabilities. On September 4, 2009, Mr. Marzullo died, leaving petitioner as the sole beneficiary and the executor of his estate. She became Marto Drug's CEO and received the family home, Mr. Marzullo's 100% interest in Marto Drug, and a 50% interest in a real estate partnership. In addition, Marto Drug received $1,300,000 of life insurance proceeds.

On December 1, 2009, respondent received petitioner's Forms 8857, Request for Innocent Spouse Relief, in which, pursuant to section 6015, she requested relief relating to the years in issue. In her requests, petitioner asserted that the IRA funds were withdrawn to pay Marto Drug's business expenses and that Mr. Marzullo had assured her that the Federal income tax liabilities would be paid with a portion of the IRA distributions. Respondent denied petitioner's requests for relief.

**[*4]** On February 14, 2011, petitioner, while residing in Georgia, filed her petition with the Court. In 2011, she untimely filed her 2008 and 2009 Federal income tax returns and untimely paid her 2009 Federal income tax liability.

OPINION

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Each spouse filing a return is jointly and severally liable for the accuracy of the return and for the entire tax due. Sec. 6013(d)(3). Petitioner underpaid tax reported on joint returns relating to the years in issue and thus is not eligible for relief pursuant to section 6015(b) or (c). See Hopkins v. Commissioner, 121 T.C. 73, 88 (2003). She may, however, be eligible for relief, pursuant to section 6015(f) if it is inequitable to hold her liable for the unpaid Federal income tax liabilities. See Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. 296, 298-299. We review respondent's determination de novo, and petitioner bears the burden of proof. See Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009).

For the following reasons, petitioner is not eligible for relief. First, petitioner received a significant benefit (i.e., a benefit in excess of normal support) relating to the unpaid tax liabilities. See Terzian v. Commissioner, 72 T.C. 1164, 1172 (1979); sec. 1.6015-2(d), Income Tax Regs.; Rev. Proc. 2003-61, sec. 4.03(2)(a)(v), 2003-2 C.B. at 299. Petitioner and Mr. Marzullo failed to pay their

[*5] Federal income tax liabilities and instead used all of their funds to pay living and business expenses.  After Mr. Marzullo's death, Marto Drug received $1,300,000 of life insurance proceeds and petitioner received a 100% interest in the business.  See sec. 1.6015-2(d), Income Tax Regs. ("[I]f a requesting spouse receives property (including life insurance proceeds) from the nonrequesting spouse that is beyond normal support and traceable to items omitted from gross income that are attributable to the nonrequesting spouse, the requesting spouse will be considered to have received a significant benefit from those items.").  Second, petitioner did not make a good-faith effort to comply with Federal income tax laws.  See Rev. Proc. 2003-61, sec. 4.03(2)(a)(vi), 2003-2 C.B. at 299.  She untimely filed her 2008 and 2009 Federal income tax returns and untimely paid her 2009 Federal income tax liability.  Third, petitioner will not suffer economic hardship if denied relief.  See id. sec. 4.03(2)(a)(ii), 2003-2 C.B. at 298.  Finally, petitioner had reason to know that Mr. Marzullo would not pay the 2003, 2004, and 2005 Federal income tax liabilities.  See id. sec. 4.03(2)(a)(iii).

Petitioner contends that she believed Mr. Marzullo would use a portion of the IRA distributions to pay the 2003, 2004, and 2005 Federal income tax liabilities.  Her testimony in support of this contention was inconsistent, unreliable, and unconvincing.  During their 37-year marriage, petitioner and Mr.

**[*6]** Marzullo shared responsibility for business and personal affairs. Petitioner, Marto Drug's CFO, worked at Marto Drug in a number of capacities, regularly wrote checks on both the business and personal accounts, was aware of Marto Drug's financial difficulties, and withdrew funds from her IRA to support the business. See id. sec. 4.03, 2003-2 C.B. at 298-299. Accordingly, respondent's determinations relating to 2003, 2004, and 2005 are sustained.

A taxpayer is ineligible for section 6015(f) relief if the liability relates to an item of the requesting spouse's income. See id. sec. 4.01(7), 2003-2 C.B. at 297. The 2006 liability is attributable to petitioner's IRA withdrawal. Relying on Rev. Proc. 2003-61, sec. 4.01(7)(c), petitioner contends that she is nevertheless entitled to relief because Mr. Marzullo misappropriated the funds designated for payment of the Federal income tax liability. Petitioner's testimony in support of this contention was not credible. Accordingly, respondent's determination relating to 2006 is sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.